116 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel ALONZO-MORALES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70070.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1997.**
Decided June 10, 1997.
 
 Petition to Review a Decision of the Immigration and Naturalization Service San Francisco, California
 Before: HUG, Chief Judge, GOODWIN and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alonzo-Morales petitions for review of a decision of the Board of Immigration Appeals (the "Board"), which denied his application for asylum and concomitant request for withholding of deportation. We must decide whether the Board's determination is supported by substantial evidence. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and we deny the petition.
 
 
 3
 Alonzo-Morales, a native and citizen of Guatemala, testified that shortly before he left Guatemala, a bomb exploded at a bank a few blocks from his place of employment and that he rushed to the scene. He claims that three days later, police officers detained him and accused him of participating in the bombing. The officers then transported him to a "cold room," beat him for approximately three hours, and released him on the condition that he return in three days with the names of his accomplices. He continued to work for three days following the beating and, on the fourth day, left Guatemala for the United States.
 
 
 4
 The Immigration Judge ("IJ") found Alonzo-Morales' testimony implausible and for that reason concluded that he did not have a well-founded fear of persecution. The Board affirmed the decision of the IJ. It also found Alonzo-Morales' testimony unbelievable, questioning why the police would have released Alonzo-Morales after only three hours and why they would not have watched him during the three-day period following his release and preceding his departure from Guatemala.
 
 
 5
 Alonzo-Morales argues that the Board should have accepted his testimony because it is consistent with his asylum application. We have, however, already rejected a similar argument. See Saballo-Cortez v. INS, 761 F.2d 1259, 1265 n. 4 (9th Cir.1985) (argument that the substantial evidence standard requires reversal if INS fails to prove the alien's testimony was internally inconsistent misconceives the deference due the IJ and Board). The Board set forth specific, cogent reasons for rejecting Alonzo-Morales's testimony. Its negative credibility finding is given substantial deference. See Aguilera-Cota v. INS, 914 F.2d 1375, 1381 (9th Cir.1990). The Board's questions regarding the tactics of the Guatemalan police are reasonable. Accordingly, the petition for review of the Board's decision is DENIED.[1]
 
 
 
 **
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Alonzo-Morales' request for withholding of deportation requires that he demonstrate a clear probability of persecution. Arriaga-Barrientos v. INS, 937 F.2d 411, 413 (9th Cir.1991). Because this standard is more demanding than the well-founded fear standard, the Board also properly denied Alonzo-Morales' request for withholding of deportation